Good morning, still morning. I want to straighten out or clear up one matter before we get into the substantive argument. We have received a motion from appellant to take judicial notice of the state's petition for leave on a case out of the third district as well as their opening briefs. The time has not passed for response from the state, but does the state have any response to that motion? Well, we have discussed it, but we did want to check the state's position. We are at this point denying the motion pending reconsideration possibly, if appropriate, because this is two days before oral arguments and this case just didn't go up on appeal. It's been there for some time. So we're denying the motion at this time is untimely. All right, now Ms. Anna Mason, I'm from the Office of the State Appellate Defender and I represent Mr. Conway. The issue in Mr. Conway's case and the error in Mr. Conway's case is obvious. In People v. Bailey, the Illinois Supreme Court says that the state may not participate in the leave to file stage of successive post-conviction proceedings. In this case, the state participated in those proceedings. So the only question that remains is what is the appropriate remedy? The answer to that question is that this court should remand Mr. Conway's case to the circuit court for new proceedings on his motion for leave to file, his successive post-conviction petition, and it should order that those proceedings take place in front of a different judge. Now, three divisions of the appellate court have addressed this issue specifically as to whether or not remand is appropriate, and all three divisions have agreed that remand is the appropriate remedy. Is that what Bailey said? Bailey? Did you want to say Bailey? Yes. Bailey. Bailey did not specifically address what the appellate court should do in these cases one way or the other. In Bailey, for purposes of judicial economy, the Illinois Supreme Court did not go ahead and address the issue because it was such an obvious issue in the Bailey case. They said there was no need for remand in that case. Yes, that's right. So you're saying that when it comes to judicial economy, the Supreme Court can, could grant judicial economy, but we cannot. I'm saying that the Illinois Supreme Court has supervisory authority, which is what it exercised in the name of judicial economy, and this court does not have supervisory authority. That's correct. Where does the word supervisory appear in that opinion? It does not, and it does not have to, for it to be an exercise of supervisory authority. Why, I guess I don't understand, so I'm going to have to, give me a road map please. Okay. There's nothing in any of the law or rules that create supervisory authority that specifically says the Supreme Court must announce we are exercising our supervisory authority when it chooses to do so, and the state and Mr. Conway are in agreement on that point. So what we have to do is look at the actual context in Bailey to sort of suss out what the Supreme Court did in this case because honestly they weren't super clear about it. I think they were pretty clear. They said since cause and prejudice were not addressed in the petition, we can decide this case. They didn't say, you know, we've got some facts here we have to parse out. They said since these issues were not addressed, this is an easy decision. They did say that, Your Honor, but they said it in the context of having just explicitly created a rule that this independent review of the question of cause and prejudice must occur in the circuit court. So they create this rule and then immediately after creating that rule said in this one specific case, because the fact is so clear, this guy didn't even plead cause and prejudice, we are going to go ahead and rule on that since he didn't even plead cause and prejudice. There's no need for remand in this case. By having just made that rule and then in essence creating an exception for it, doesn't that infer then that courts can do the same? No. And even if it did, let's say for a moment that it did. If it did, that would be saying they only said that courts can do that in cases where the defendant does not allege cause and prejudice at all because that's what they did in Bailey. Here, Mr. Conway goes on and on and on about cause and prejudice for I believe it's 11 pages. So he is not in the same position as the defendant in Bailey. But I don't think that we even get that far because the Supreme Court has different powers than the appellate court does and that's what the third district has recognized repeatedly in Munson and in Baller and then again in Munson, they don't have the same powers as the appellate court. And if that were, if this court were to say no, no, no, that's not supervisory authority, we have that same power, then that essentially renders Bailey a meaningless decision because if the whole rule is that this procedural thing, this independent review must occur in the circuit court, that's the golden rule, but in all cases the appellate court can go ahead and do its own ruling and without that procedural hurdle having been met, then there's no point to Bailey. Well, they say in Bailey that the decision has to be made without participation of the state and usually it's filed there, so then we add the phrase in the circuit court. However, they go on to say that if counsel comes in as private counsel on that particular case, petition, it would be slightly different because the reason they're concerned about no participation by the state is usually these petitions are pro se, they're not entitled to counsel at that stage of the proceedings, but there's counsel responding. So at this stage of the proceedings, we have you and we have the state. We have counsel for both sides. So why can't we decide that issue? Well, for one thing, the issue of whether cause and prejudice was proven one way or the other isn't an issue that's actually been raised on appeal by either party in this appeal. The only issue that's been raised is did the circuit court comply with the procedural requirements of the Post-Conviction Hearing Act? So are you alleging that this is structural error? Not necessarily. It's a procedural error. It's that the court did not comply with the statutory requirements, very similar to if this were an appeal from a first stage of an initial post-conviction petition and the judge waited until the 101st day to dismiss the petition as being frivolous and patently without merit. That would not comply with the written rules in the Post-Conviction Hearing Act. It would not comply with those procedural steps set out by the legislature. So this court would remand regardless of whether the petition was frivolous or not. Now this court in those cases would be totally capable of reading the petition itself and determining whether it's a matter of law, it's a frivolous petition, but the court doesn't do that because the legislature created these procedural steps and these procedural rights and it's important to follow those procedural steps and procedural rights to preserve due process. How do you address the dissent in Baller? The dissent in Baller puts the cart before the horse. And I think this gets back to the Isn't that what Baller is saying about the majority in Baller? That they put the cart before the horse? Not quite. The dissent in Baller seems to be of the position that in all of these other cases, we do de novo review all the time, we should be able to do it in this case too. But that misses the issue that's actually on appeal in these cases. Had Mr. Conway simply raised the issue of I proved causal prejudice, then yes, absolutely, this court could do a de novo review of that question. Does it in post-conviction cases? All the time. But that's not the issue on review. The issue on review is did the circuit court comply with the procedural requirements of the act? And this court can do a de novo review of that and look, well, the rule in Baller says they must have this independent review. Did they or didn't they? No. Is it like a Franco hearing? It's very similar to a Franco hearing. The holding in Jolly, for example, is a case where the state was not supposed to participate in the initial Franco inquiry. It did. And in that case, the court not only remanded to the circuit court for a new initial Franco inquiry, but also ordered, as we're asking in this case, that the case be remanded to a new judge. And interestingly, in Jolly, for the end of the decision, they talk about independent review and how important independent review is. And that's the same kind of language that's used in Bailey and then used in the third district decisions in Munson and Baller and Partita. The independent review is what matters. But in Jolly, the state's improper participation during a Franco inquiry, it impedes the development of a proper record on appellate review, where in this case, it doesn't do that. We're only talking about cause and prejudice. I disagree with that because it impedes the development of a proper record for this court to review in the same way that it did in Jolly because it deprived this court of having a record before it where a judge made an independent determination as to cause and prejudice. Instead, this court is stuck with a record where the judge heard all these arguments from the state. And so it can't make a determination whether the court properly conducted that independent review when it didn't conduct an independent review to begin with. Can't we, and why can't we, in Jenova review conduct that ourselves? The same reason that the court couldn't do it in Franco because that step has not occurred yet. And it's even more important here where we have a statute. And the Post-Conviction Hearing Act is where all rights and all responsibilities in post-conviction cases come from. There's nothing more, nothing less than what's in that statute. And the Illinois Supreme Court has said that that statute requires independent review in the circuit court. It has not happened yet. All we're asking is that the case go back for the statute to be complied with just to give Mr. Conway the process he's due. But in a crankle inquiry, and there's a difference in my mind between inquiry and review, the judge actually asks questions of the defendant. What is your problem? And gets a brief overview of what the problem is or extensive, depending upon how talkative the defendant happens to be. In a review for successive post-conviction, the defendant is rarely there. He's still sitting wherever he's sitting, Taylorville, Menard, wherever he happens to be. So he's not going to hear anything. He's going to look at something and as a matter of law decide if there is enough for a successive petition. Don't we make those decisions almost, I won't use Justice Schmitt's garden variety language because I think that just kind of denigrates everything we do. It's nothing's garden variety in this world. But it is what we do every day is we make decisions if as a matter of law things are sufficient. So why can't we hear? Two reasons. One, the Post-Conviction Hearing Act says it's not this court's job to do that in the first instance. It is the job of the circuit court. So if that has not yet happened in the circuit court, then it is not yet this court's place to fill in that role because the statute is king. The other reason that this court can't do that is a more practical one. And it gets back to do we actually have an independent record for this court to review? And we don't because the state participated. The problem with this court making the call on cause and prejudice is the exact same as the problem with the original circuit court judge doing it and the exact same as the problem would be if this court were to send the case back to the same circuit judge. Wait a minute. How about if we review it just from the record and not the trial court record and review it de novo? Will we just start all over ourselves where the trial court should have gone? But, I mean, presumably in resolving this appeal, this court has reviewed the briefs, reviewed the entirety of the record. This court, by nature of doing its job, has been exposed to the state's argument. Oh, so you're saying that you can't unring the bell with the judge? Exactly. You're exactly wrong. We have to unring the bell every day, don't we, when we read a record? But there's a difference between normal proceedings in regular criminal cases, civil cases, whatever, and in this case where we have an explicit statute that governs this area of law that says it must be an independent review with no input from the state. That's what the Illinois Supreme Court said. I appreciate that, but are you telling me that a trial court judge can't disregard facts that aren't relevant to a proceeding, or an appellate court can't disregard facts that are not relevant to a proceeding? It happens all the time, doesn't it? I mean, as a general rule, just that sort of procedure, it happens all the time. I agree. But in this specific kind of case, there is a statute on point that says, not good enough. Okay, that statute says, in your opinion, the trial court should do it, but that statute doesn't say it's not good enough because the judge has already heard it. Are you taking a different position now? Because I certainly hope, counsel, you're not implying that this court or any other trial court or judge cannot unring a bell. No, I'm saying what the Illinois Supreme Court said in Bailey and what has been repeatedly addressed by Justice Holdridge in concurrences in the third district cases on this issue, that what the statute that specifically addresses this one unique type of case requires is independent review, different from what this court does in case after case after case, day in and day out, different than what trial judges do, day in and day out. Any bench trial, a judge hears evidence and says, no, that's not relevant, and then ignores it in his or her determination of the case. Yes, that's absolutely something that judges do, but in this unique circumstance where there's a statute directly on point, it says independent review is what's required. No input from the state. And if they intended to be that rigid about it, wouldn't they have just remanded Bailey and simply said, trial court, do your job, we'll see you in a few months? I wish they had, because if what they were concerned about was the economy, we wouldn't be here right now if that's what had happened. It would be easily resolved. But unfortunately, that's not what they did. Instead, now we have this murky issue where we have, you know, at least three districts in the appellate court, or three divisions of the appellate court that have agreed with us, and this court says it's not going to take judicial notice of the pleadings in the case currently pending before the Supreme Court, but is aware this issue is currently pending. Well, we know that it's pending, but you're asking us to look at the briefs that are written for the Supreme Court. What authority do you have to ask us to look at a set of briefs that are up before the Supreme Court when the Supreme Court hasn't ruled on the case yet? Well, I mean, this court can take judicial notice of filings in other cases as long as they come from credible sources. What authority do you have for that? I don't remember the name of the case. I cited it in my motion. I do not recall the name of the case. In that one, it was a situation where there was a letter from the Illinois Supreme Court addressed to the state appellate defender, providing them with some information, and the court took judicial notice of that, just a letter from the Supreme Court, let alone pleadings filed in a particular case. But even if this court sticks to its previous ruling and doesn't take judicial notice of those pleadings, my point in filing that motion was to make the court aware this issue is pending. We're fully aware of what cases are pending before the Supreme Court. We don't need to look at the briefs in order to determine what's pending before the Supreme Court. So thanks for pointing that out, but we're not looking at the briefs. Okay. And that's totally understandable. It was just a matter of briefing was already completed. I couldn't really do a motion to cite additional authority because the Supreme Court hasn't decided it yet, but I wanted the court to be aware that this is an issue that exists there since neither party had realized that it was currently pending before the Supreme Court or addressed it at any point in the briefing before. All right. Counsel, if you would, please sum up your position, but you will have time for a reply if you choose. All right. Basically, what we're saying is the rule in Bailey is simple. The state did not participate. Here it did. This court should follow the decisions in all of the other appellate courts that have addressed this issue and remand for new post-conviction proceedings. Thank you. All right. Ms. Joseph? Good morning, Your Honors. May I please the court? Counsel, I'm Victoria Joseph, and I represent the people of the state of Illinois in People v. Conway. I know there's been a lot of talk about what can be done or what should be done by the trial court according to the Post-Conviction Hearing Act, but there is this part of the statute that none of the courts seem to have addressed, and that is the appellate review, which is governed by Section 122-7, saying that any final judgment entered upon such petition shall be reviewed in a manner pursuant to the rules of the Supreme Court. There is no limitation in the Post-Conviction Hearing Act on what the appellate court or how the appellate court can and can't review a petition that a judgment or an opinion that has been entered, order that has been entered on the act. So we go to the Supreme Court rules, and there is one that specifically governs appeals in post-conviction petitions, and that is Illinois Supreme Court Rule 651, saying that an appeal from a final judgment lies within the appellate court, that if the trial court determines the defendant's indigent, he is appointed counsel on appeal. So at this point, where he has counsel on appeal, as Your Honors pointed out, we have already removed part of the problem in Bailey where a defendant was without counsel. How is this case any different? How are the facts and the circumstances in this case any different from a crank appeal? Well, number one, obviously, the fact that we have a crank appeal procedure that is developed strictly out of case law separates it from a procedure that is governed strictly by, created and governed by statute. And as Your Honors pointed out, the review is slightly different because there's an inquiry in one where you're actually presenting possibly new information to the court versus a review of the motion, the supporting documentation that should be attached, and the record, which a court can independently do without input from, at that point, obviously shouldn't be either party. So it should be de novo? It should be de novo. Well, that's, in fact, what the Supreme Court did in, or indicated they did in Bailey, correct? They just said, for purposes of judicial economy, we will review this de novo because looking at it, there's no indication that he's ever pledged it. Yes. Well, aren't we, we're sort of getting a little bit far afield because we have to address your issue of de minimis activity or de minimis participation. And let me just ask you the question that might help you get there. Where in Bailey? Bailey does not address that, Your Honor. Right. So they're not saying you can participate a little bit, you can participate a lot. They're pretty clear that this rule that they are now making is you can participate in writing. I mean, I don't know how they'd know if you were standing there shaking your head, but, you know, theoretically, there should be no participation, not de minimis, no. So how are you coming to this de minimis position? Or are you changing your position? And I don't mean to put words in your mouth. No, no, Your Honor. As Your Honors know, if we don't plead something in our pleadings, we don't preserve it. So at the point of filing the brief, you make as many arguments as you can, and knowing the success rate of them or not. Well, I get that part, but it was a little extra. It was upsetting when they came back to the motion to reconsider and everybody said, well, the state shouldn't participate. I guess if what Mr. Biagi did was de minimis, I would like to see what he does when he really means to be there. Because he even brought up an issue that the court hadn't considered in discussing this. Well, don't you remember how he acted that day? It's like, oh, yeah, I never thought there was anything wrong with him. I mean, I appreciate the fact that you have that responsibility. But I think there's some cases that call for argument and some cases that might call for, okay, he went too far. But now getting past that, I guess, unless you have anything else to say, we can go back to where you were. And the final step of the rule is that the procedure is in accordance with the rules governing criminal appeals, which then we go to 615. And there really is no limitation in any of the Supreme Court rules in the Act itself. Is it 615 or 651? Well, 651 is the rule governing those conviction proceedings, and then the rules governing criminal appeals would then be 615. Okay, I'm sorry. That's all right, Your Honor. There's a lot of similar numbers. They did that just to fool us. And especially for someone who's somewhat dyslexic with numbers, that's not very helpful either. So there is nothing, as Your Honors have pointed out, this is something that, not to say it's run-of-the-mill, but it is an approach that is done in many circumstances. I do appreciate the, obviously not directly on point, but the 2012 Edwards case before the Supreme Court, when the trial court reviewed an actual innocence claim under the cause and prejudice standard, which was found to be an inappropriate procedure in that case. The appellate court went on, making lots of findings and reasonings that the Supreme Court should not have done that. The Supreme Court then actually relied on and agreed with finding that as a matter of law, under the correct standard, it had not met. So in a procedural error, understandably, we understand this is a different procedural error, but under that procedural error, the appellate court had the authority to make those independent determinations under the right standard and come to that conclusion. And they agreed with, the Supreme Court agreed with the appellate court. Do you have a definition or a concept of a supervisory authority that might be different than this, I'm sorry, Ms. Maxon's? Oh, Mason, I'm sorry. Too far away. Excuse me, Your Honor. The scope of supervisory authority in everything I found is a very vague concept. Nobody has defined it other than saying that it extends past what is allowed by statute and what is allowed by the Supreme Court rules for review. Did the Bailey court ever use the term? No, it did not. It said judicial economy and because it was a matter of law. So let's go back to the first one, the first factor of supervisory authority. Something outside of the statute, you said, or something not governed by the statute? It would, it seems to be that when the appellate court exceeds its authority, that they have inappropriately used supervisory authority they haven't had. So that is when they apply something outside of what the statute allows them to do or what the Supreme Court rules allow them to do. And so Ms. Mason's argument is the actual PC authority, the statute, says that these things should happen in the trial court. And I mean, that's boiling it down very simply. But this is not the trial court. We have limited powers. You do have limited powers, but the statute also does not limit your power in reviewing. It says you may review. It explicitly gives you the power to review the judgment or order. But using the right standard, which is what you pointed out in Edwards. Yes. Using the right standard, using, yes. Well, usually when we get supervisory orders, it says, you know, we've considered, and I'm just going to use names, we've considered people versus Hutchinson, we've made this decision. These five cases reflect a possibility that Hutchinson would be applicable. You go back and look at them. That's usually the way we see a supervisory authority. Or I guess a good example that I've recently dealt with within this court is when this court lacks jurisdiction. When there's been an untimely post-trial motion or post-judgment motion, an untimely notice of appeal, this court does not have authority to say there's jurisdiction, we have jurisdiction over this case, because the trial court lost jurisdiction. But you go to the Supreme Court and the Supreme Court. They have powers beyond that which the appellate court has. We sort of refer to it as they can break their own rules, sort of. And so then in that circumstance, they direct us then to review the matter. They direct you to review the matter because they have granted it under their supervisory authority. But they specifically didn't do that in Bailey. They specifically did not do that in Bailey. And although the state is loathe to rely on a crankle procedure in a statutory case, the one thing we did want to point out about Jolly was that was not found to be structural error. I know the state specifically brought up their concerns that the holding in Jolly was going to lead to a finding of structural error. And the Supreme Court said basically do not be afraid and did not find the structural error there. And when there is not a structural error, and Bailey has not said this is a structural error, in generally, there was at least one case I found that it was not necessarily a structural error, generally that is reviewed for harmless error. And that is the approach that should be taken. Bailey did not do that, but without saying it was doing that, that's essentially what it did in finding that the petition as a matter of law did not meet the causal criteria. It did not meet the causal prejudice standard. And something else I was going to say on that. This, Mason, indicates that we should reverse and remand it to a different judge. If we would reverse it and remand it, should it go to a different judge? And if so, why? And if not, why not? No, Your Honor, there is, number one, the Supreme Court has held in Hall that generally it should remain with the trial court judge. Obviously we are aware the trial court judge in this case ended up sitting on this court and was no longer a judge within Winnebago County at the time. So it was already with another judge. But there is absence, some showing in the record that there is some substantial prejudice or inability for the judge to follow the rules on a remand. There is just no reason to believe that they would not be able to independently review the motion at that point. I suppose the state finds it absurd that the Supreme Court would be the only one with some sort of power to independently review this, especially after hearing three levels of state participation argument on it, that they could successfully put that information aside and argument aside and decide the issue, but no other court would be able to do the same. So no, the people do not believe it should go back to a different judge. What if the situation, in many cases you can't find a different judge within 100 miles, which is a consideration. In this situation, a different judge is available across the hall. Does that make a difference? No, Your Honor, because that's not going to necessarily be available in every case. And while it may be available in a county as large as Winnebago, some of the smaller counties would have difficulty. And I think that's a uniqueness from Crankle as well, where there's a very finite time in which a Crankle hearing can take place. In most post-conviction cases, it's the same trial, but Judge, he's heard everything. He's heard everything, and it continues with that judge. The uniqueness here is, as Your Honors probably know, there's usually not just one successive post-conviction petition. These can potentially go on. I've certainly had my fair share of fifth, sixth, seventh post-conviction petitions. So this is something that does not have necessarily a finite time. Also, Crankle, again, you're looking at a specific inquiry that is made. Here you are looking at a very possibly extensive record to make your determinations. So that is also why the judicial economy of remaining with the judge, unless there is some substantial prejudice shown, that they are unable to make an independent decision. There are no time limits on determining whether to allow a successive petition, as in the initial. No, at least I have not seen anything in the statute. Although there would be, I suppose there could be some analysis that it should be done as soon as possible, and possibly within 90 days. It probably would not look good if it sat for a long period. We've had those two. I'm well aware. Are there any other questions? I don't believe so, so if you'd like to sum up, you may proceed. The state maintains that both the Act and the Supreme Court rules give authority to this court to review an order or judgment entered in this case. It does not limit that review beyond that which is in the Supreme Court rules, which allows you to either affirm or reverse or modify. These are the standard procedures you would use in similar cases, and it should be applied here as well. Thank you. I think I have it right now. Now, Ms. Mason, if you wish to reply, and I apologize for the mistake before. Not a problem, Your Honor. May it please the Court? In this case, we're faced with a question of what is the remedy? And in Bailey, I mean, the Supreme Court set out a very clear rule for us. The state did not participate, but then chose not to explicitly state what the remedy should be in the majority of these cases. It made clear that it was only crafting a remedy for the specific case before it due to the specific nature of the pleadings before it, that the defendant had not pled cause and prejudice. So we have no guidance whatsoever that is explicit from the Supreme Court as to how we should handle the remedy for these injuries. But what we do have is jolly. We have a case where there is a similar situation, where there's a proceeding that is supposed to be a proceeding exclusively between the defendant and the judge. Yeah, but can we review a jolly decision to know, or jolly, a crankled decision to know, but we can't, because you need some input from the defendant. When you have a crankle violation, you're also getting input from the state. So how are we going to review a crankle hearing any de novo? We can't. I think it depends on the crankle inquiry. I mean, there are cases where the judge does not ask questions of the defendant, does not get a thorough picture from the defendant of what his claims are. He has to ask questions of the defendant. And in those cases, an improper inquiry has been conducted, and I agree. This Court would not do a de novo inquiry at that point.  But can't we do a de novo review of a case like this, of this type of case? Why can't we? We're only looking at the record. First of all, the statute says that it has to be conducted by the circuit court, as the statute is interpreted by Bailey. But also because there's a different kind of jolly case where let's take a crankle inquiry case where the defendant says, my hearing is ineffective, and the judge asks the defendant about it and makes a good record of exactly what the complaints are, and then turns to the state and says, state, what's your input? And then the state makes its arguments. In that case, if that case were to come up on appeal, there would be probably a sufficient record for this Court to look at those facts and decide whether the judge got the crankle inquiry right or not, because the record's been made, but it would still have to go back to a new judge because the state participated. Go back to a new judge? That's what happened in Jolly, is they ordered that it go back to a new judge. And if that's the appropriate remedy in Jolly, where the state participates, then I can't think of any reasonable reason why we wouldn't do the same thing here. Because as Ms. Joseph pointed out, you have 20 or 5 or 10 post-conviction petitions that are going back to the same judge all the time. That judge has a mindful of this case. How is that judge less prejudiced than a judge who's heard one thing? I mean, you have a judge that heard the murder case, heard the first post-conviction petition, the second post-conviction petition, the third post-conviction petition. Now, the fourth one comes up here and you say, okay, send it back, send it to a new judge, or they say don't send it to a new judge because it's a post-conviction, it stays in front of the same judge. How is that judge any less prejudiced by what he heard than the judge here who heard something from the state with respect to cause and prejudice? Well, and as a practical matter, I think Your Honor's on to something, that the judge who's heard countless proceedings before in a more general sense of the term prejudice probably is more prejudiced, or at least is more knowledgeable about the case and has more facts that may impact his or her ultimate decision in the case. But, in all those prior proceedings, with all that stuff, you know, where the trial's in front of this judge, and then the first PC, and the second PC, and the DNA motion, the PRK, there's nothing in the statute that indicates that an independent review is specifically required. Whereas here, we do now have, because of what the Supreme Court said in Bailey, this very specific, precise requirement that for this kind of review, as to cause and prejudice, there has to be an independent review, not where the judge hasn't been impacted by anything in the past. Right, the independent review doesn't mean it's a new judge every time. But it does mean that it has to be a judge who hasn't been influenced by the state's input, and in Jolly... Don't you have to file a motion to raise that the judge has been influenced improperly? Not in Jolly. In Jolly, what the Supreme Court did was say, this judge has heard the state's input. Because this judge has heard the state's input, and an independent review is required, you get a new judge. There's no reason not to do the same here. That's why we ask that the case be remanded for further proceedings before a different judge. Thank you very much, counsel, for your arguments still this morning. We will take the matter under advisement. We now stand adjourned pending a recall. Thank you.